# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 25, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *
TIMOTHY GODDARD,                     *      UNPUBLISHED
                                     *
            Petitioner,              *      No. 18-1873V
                                     *
v.                                   *      Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *      Petitioner's Motion for Dismissal
AND HUMAN SERVICES,                  *      Decision; Influenza ("Flu");
                                     *      Bell's Palsy.
            Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Shealene P. Mancuso, Muller Brazil, LLP, Dresher, PA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On December 6, 2018, Timothy Goddard ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of an influenza ("flu") vaccination received on August 31, 2016, petitioner developed Bell's Palsy with residual injuries and/ or complications lasting for more than six months.  Petition (ECF No. 1) at Preamble, ¶ 7. The information in the record, however, does not show entitlement to an award in the Program.

On April 25, 2019, petitioner filed a motion for a decision dismissing this claim. Petitioner's Motion (ECF No. 12).  The motion provides that an investigation of the facts and science supporting the case has demonstrated to petitioner that he will be unable to prove that she is entitled to compensation in the Program.  *Id.* at ¶ 2.  In these circumstances, to proceed further

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at ¶ 3. Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against him and that such a judgment will end all of his rights in the Vaccine Program. *Id.* at ¶ 4. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action. *Id.* at ¶ 6.

Petitioner provides that respondent expressly reserves the right, pursuant to Section 15(e), to question the good faith and reasonable basis and to oppose, if appropriate, his application for attorneys' fees and costs. *Id.* at ¶ 5. Respondent does not otherwise oppose this motion. *Id.*

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that he suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that he suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not support a finding that petitioner suffered a "Table injury." Further the record does not contain persuasive evidence that petitioner suffered an injury that was caused-in-fact by the flu vaccine he received on August 31, 2016.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records do not establish causation for either a "Table Injury" *or* an "off-Table" injury which was caused-in-fact by the vaccine. Further, with regard to the "off-Table" injury, petitioner has not submitted an expert report in support of his claim. Petitioner has not met his burden of proof. Therefore, her claim cannot succeed and it must be dismissed. § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).